**Entered on Docket**
**February 06, 2009**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




**Signed: February 06, 2009**

LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

NEIL ANTHONY MILITANTE,

Debtor.
_______________________________/

No. 08-45077 TK
Chapter 7

**MEMORANDUM OF DECISION RE RIGHT TO REDEEM**

The issue addressed by this Memorandum is whether the above-captioned debtor's failure to file a timely Statement of Intention with respect to his 2004 Nissan Pathfinder SUV (the "Car") deprives him of the right to redeem it by paying the secured creditor its value pursuant to 11 U.S.C. § 722. The Court holds that it does not. Based on the documentary evidence presented by the parties, the parties having waived the right to an evidentiary hearing on value, the Court concludes that the redemption value for the Car is $7,000 and that this amount must be paid in certified funds within ten days from the date of entry of the order pursuant to this Memorandum.

**SUMMARY OF FACTS**

The above-captioned case was commenced on September 12, 2008. Schedules of Assets and Liabilities (the "Schedules") were filed on

the same day, listing the Car as exempt and valuing it at $6,190. The form entitled Chapter 7 Individual Debtor's Statement of Intention (the "SOI") was filed with the Schedules. However, instead of selecting one of the three prescribed intentions, i.e., to surrender, to redeem, or to reaffirm, the form contained the following statement: "Debtor will retain collateral and continue to make regular payments."

The meeting of creditors in the above-captioned case was held on November 4, 2008. On November 6, 2008, the debtor filed a motion to redeem the Car by paying the secured creditor San Francisco Federal Credit Union ("Secured Creditor") $6,190. Secured Creditor was given 20 days to request a hearing, in the absence of which the debtor would seek the relief requested by default.

On November 12, 2008, a motion was filed by Secured Creditor opposing the relief requested and requesting a hearing. The Secured Creditor's motion asserted that the debtor should be required to pay the Car's replacement value to redeem it and asserted that the replacement value of the Car was $14,045. The motion also asserted that the debtor's motion to redeem was "moot" because the automatic stay with respect to the Car had terminated due to the debtor's failure to timely file a proper SOI. In support of this assertion, the motion cited 11 U.S.C. § 521(a)(2), 11 U.S.C. § 362(h), and Dumont v. Ford Motor Credit Co., 383 B.R. 481 (Bankr. 9th Cir. 2008).

On November 19, 2008, the debtor filed an amended motion to redeem and noticed a hearing on the amended motion for January 8, 2009. The amended motion reduced the amount the debtor proposed to

pay to redeem the Car to $3,800. He filed an appraisal to support this lower value. Although he also filed a supplemental brief, he did not address Secured Creditor's argument that the motion to redeem was moot due to his failure to timely file a proper SOI.

In response to the debtor's amended motion, on December 19, Secured Creditor filed a declaration by an auctioneer asserting that the replacement value of the Car was $9,500 and that its likely cash value if auctioned or "brought into" a dealership was $7,000.[1] On December 23, 2008, the debtor received his discharge. On January 7, 2009, the debtor filed a declaration reiterating his desire to redeem the Car and his opinion that the value of the Car for redemption purposes was $3,800.

The motion came before the above-captioned Court on January 8, 2009. At the conclusion of the hearing, the Court took the legal issue under submission. The Court continued the hearing to February 5, 2009, stating that if it concluded that the debtor had not lost the right to redeem the issue of value would be determined at that time.

**DISCUSSION**

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the controlling law in this Circuit was that a bankruptcy debtor who was current on his car

---

[1]The Court is uncertain whether this means what the dealership would pay for the Car or the price at which the dealership would sell the Car. The Court will assume the latter since this is more consistent with an auction price: i.e., retail rather than wholesale.



Case: 08-45077 Doc# 27 Filed: 02/06/09 Entered: 02/06/09 10:56:24 Page 3 of 8

payments was not required to surrender the car to his secured creditor even if he chose not to reaffirm the debt or to redeem the Car by paying the secured creditor the value of the secured claim. See In re Parker, 139 F.3d 668 (9th Cir. 1998). As noted in Parker, there was a fairly even Circuit split on this issue. Id. at 672.

BAPCPA removed this option. Section 521(a)(6) now provides that:

> (6) in a case under chapter 7 of this title in which the debtor is an individual, [the debtor may] not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either–
>
> (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
>
> (B) redeems such property from the security interest pursuant to section 722....

As recited above, the debtor filed a motion to redeem the Car on November 6, 2008, two days after the meeting of creditors: i.e., well within the required 45 days. But for the request for hearing, disputing the proposed redemption value for the Car, the redemption would presumably have been accomplished within the 45 days. Thus, the Court concludes that 11 U.S.C. § 521(a)(2) does not preclude the proposed redemption.

Secured Creditor cited 11 U.S.C. § 521(a)(2) and 11 U.S.C. § 362(h) in support of its contention that the debtor's motion to redeem was moot. Section 521(a)(2)(A) requires the debtor to file a statement of intention within 30 days from the petition date.

Section 521(a)(2)(B) requires the debtor to perform his intention within 30 days after the meeting of creditors. With an exception not relevant here, 11 U.S.C. § 362(h) states that, if the debtor fails to comply with these requirements, the automatic stay will terminate with respect to the personal property in question and the property will no longer be property of the estate.

There is no doubt that the debtor failed to comply with this requirement. The SOI filed by the debtor did not state a permitted intention. Therefore, the automatic stay has terminated with respect to the Car and the Car is no longer property of the debtor's bankruptcy estate.

However, the debtor's right to redeem personal property by paying the value of the secured claim does not terminate when the automatic stay terminates and does not require that the personal property to be redeemed be property of the bankruptcy estate. To the contrary, the right of redemption requires that the personal property either be exempted from or abandoned by the estate. See 11 U.S.C. § 722. Moreover, 11 U.S.C. § 521(a)(2)(C) states that:

> (C) nothing in subparagraphs (A) and (B) of this paragraph [imposing deadlines for the debtor to state his intention and to perform it, respectively] shall alter the debtor's...rights with regard to such property under this title, except as provided in section 362(h)....

Thus, the debtor retained his right to redeem the Car notwithstanding his failure to comply with 11 U.S.C. § 521(a)(2)(A).

The case cited by Secured Creditor does not require a contrary conclusion. In Dumont, a case governed by BAPCPA, the debtor, like



Case: 08-45077 Doc# 27 Filed: 02/06/09 Entered: 02/06/09 10:56:24 Page 5 of 8

the debtor in this case, filed a statement of intention indicating that she would neither reaffirm the debt nor redeem the car, but would simply remain current and retain possession of the car. The security agreement stated that filing for bankruptcy constituted a default: i.e., a so-called "ipso facto" clause. Dumont, 383 B.R. at 484.

After the case was closed, the secured creditor repossessed the car. The debtor sought an order from the bankruptcy court, holding the secured creditor in contempt for violating the automatic stay. The court denied the application, concluding that the debtor was in default of the "ipso facto" clause and that the creditor had a right to repossess the car. See 11 U.S.C. § 521(d). The Bankruptcy Appellate Panel affirmed. Dumont, 383 B.R. at 489. The debtor's right to redeem was never discussed.

As recited above, initially the Debtor valued the Car (and thus the secured claim) at $6,190. Later, he lowered that value to $3,800. Secured Creditor initially set the redemption value at $14,045. Later, Secured Creditor lowered the value to either $7,000 or $9,100. Based on the evidence presented, the Court finds the $7,000 value the most persuasive. This is the value that Secured Creditor's declarant opined the Car would sell for either at auction or by a dealer. The redemption value must be paid in certified funds within ten days of entry of the order pursuant to this Memorandum.

**CONCLUSION**

The Court concludes that the debtor's failure to file a statement of intention indicating his intention to either reaffirm



Case: 08-45077 Doc# 27 Filed: 02/06/09 Entered: 02/06/09 10:56:24 Page 6 of 8

the secured debt or redeem the Car within 30 days of the petition date did not preclude him from opting to redeem the Car. It further concludes that, because he filed his motion to redeem the Car within 45 days of the meeting of creditors, the debtor may retain possession of the Car and the Car will be unencumbered by any secured debt provided the debtor pays Secured Creditor $7,000 in certified funds by no later than ten days after the entry of the order pursuant to this Memorandum.

END OF DOCUMENT



Case: 08-45077 Doc# 27 Filed: 02/06/09 Entered: 02/06/09 10:56:24 Page 7 of 8

COURT SERVICE LIST

Karl-Fredric J. Seligman
Law Offices of Karl-Fredric Seligman
610 Georgia St.
Vallejo, CA 94590

Gary L. Fertig
Law Offices of Gary L. Fertig
875-A Island Drive, PMB #373
Alameda, CA 94502



Case: 08-45077 Doc# 27 Filed: 02/06/09 Entered: 02/06/09 10:56:24 Page 8 of 8